37 F.3d 1496
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tarik COEFIELD, Defendant-Appellant.
 No. 94-5137.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-93-339-A)
 Joseph N. Bowman, Alexandria, VA, for Appellant.
 Helen F. Fahey, U.S. Atty., Mark J. Hulkower, Asst. U.S. Atty., Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tarik Coefield was convicted on December 1, 1993, of assaulting Kelvin Kates by striking, beating, or wounding, 18 U.S.C. Sec. 113(d) (1988) (Count Two), and possession of contraband (a shank), 18 U.S.C. Sec. 13 (1988), assimilating Va.Code. Ann. Sec. 53.1-203(4) (Michie 1991) (Count Three).[1] He was convicted in a separate trial on December 2, 1993, of assaulting Samuel Giles with a dangerous weapon (a shank) with intent to do bodily harm, 18 U.S.C. Sec. 113(c) (1988) (Count Four).[2] He contests his sentence of sixty-six months, alleging that the district court departed upward on Count Three without identifying a basis for the departure, and that it clearly erred in denying him an adjustment for acceptance of responsibility. United States Sentencing Commission, Guidelines Manual, Sec. 3E1.1 (Nov.1993). We affirm.
 
 
 2
 We find no merit in Coefield's first claim because the district court did not depart. The court correctly determined the combined adjusted offense level for all three counts, which in this case was twenty-two. USSG Sec. 3D1.4. Coefield's criminal history category was IV, and the resulting guideline range was 63-78 months. The court imposed a sentence of sixty-six months.[3]
 
 
 3
 Coefield maintains that he demonstrated acceptance of responsibility by admitting, at trial and afterward, his involvement in both assaults. At the first trial Coefield testified that he acted in self-defense; the district court at sentencing found this testimony not credible. At the second trial, Coefield admitted making an unprovoked attack on Giles in which he said he used a pen rather than a shank.
 
 
 4
 Coefield attempted to justify the attack by saying he was angry with Giles for various reasons.
 
 
 5
 In most circumstances, the acceptance of responsibility adjustment is not applicable to a defendant who denies his factual guilt at trial and only after his conviction admits guilt and expresses remorse. USSG Sec. 3E1.1, comment. (n.2). The district court did not clearly err in finding that Coefield had failed to accept responsibility.
 
 
 6
 The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 He was acquitted of assaulting Kates with intent to murder
 
 
 [2]
 He was acquitted of possessing contraband (a shank)
 
 
 [3]
 Count Two was a Class B misdemeanor with a statutory maximum of 6 months. This count was not covered by the sentencing guidelines. USSG Sec. 1B1.9. The statutory maximum for both Count Three and Count Four was 60 months. The district court imposed a 3-month sentence on Count Two, a consecutive 60-month sentence on Count Three, and a consecutive 3-month sentence on Count Four. See USSG Sec. 5G1.2(d)